**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**EASTERN DIVISION**

---

| | | |
|---|---|---|
| **QUADDARIONTAE BURNOM,** | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 1:26-cv-01152-STA-jay** |
| | ) | |
| **WARDEN HENRY HOLIDAY,** | ) | |
| | ) | |
| **Respondent.** | ) | |

---

**ORDER DISMISSING § 2254 PETITION WITHOUT PREJUDICE**
**FOR FAILURE TO PROSECUTE, DENYING A COA, AND**
**DENYING LEAVE TO PROCEED *IN FORMA PAUPERIS* ON APPEAL**

---

On July 13, 2026, Petitioner Quaddariontae Burnom, Tennessee Department of Correction prisoner number 648178, who is incarcerated at the Northwest Correctional Complex in Tiptonville, Tennessee, filed a *pro se* petition under to 28 U.S.C. § 2254 (the "Petition"). (ECF No. 1.) Petitioner failed to pay the $5.00 habeas filing fee required under 28 U.S.C. § 1914(a) or submit a properly completed *in forma pauperis* affidavit.

On July 16, 2026, the Clerk directed Petitioner to pay the filing fee or "submit an Application to Proceed *In Forma Pauperis* along with a certified trust fund statement for the last six months" within 30 days from the date of the notice. (ECF No. 3.) The Clerk warned Petitioner that if he failed to timely pay the filing fee or file a completed *in forma pauperis* application, the Petition "will be dismissed." (*Id.*)

Petitioner has failed to comply with the Clerk's *pro se* filing deficiency notice, and the time for compliance has expired. Petitioner appears to have abandoned this action. Accordingly, the

Petition is **DISMISSED WITHOUT PREJUDICE** for failure to prosecute. *See* Fed. R. Civ. P. 41(b).

No § 2254 petitioner may appeal without a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1). To obtain a COA, a petitioner must make "a substantial showing of the denial of a constitutional right." *See* § 2253(c)(2). Where habeas relief is denied on procedural grounds without reaching the merits of the underlying constitutional claim(s), "a COA should issue [only] when the prisoner shows . . . that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

In this case, Petitioner's claims were dismissed for failure to prosecute. Reasonable jurists would not find it debatable whether the Court was correct in its procedural ruling dismissing the Petition for failure to prosecute and for non-compliance with the Court's orders. The Court **DENIES** a COA.

To appeal *in forma pauperis* in a habeas case under § 2254, the petitioner must obtain pauper status under Federal Rule of Appellate Procedure 24(a). *See Kincade v. Sparkman*, 117 F.3d 949, 952 (6th Cir. 1997). A party seeking pauper status on appeal must first file a motion in the district court, along with a supporting affidavit. Fed. R. App. P. 24(a)(1). If the district court certifies that an appeal would not be taken in good faith, or otherwise denies leave to appeal *in forma pauperis*, the petitioner must file his motion to proceed *in forma pauperis* in the appellate court. *See* Fed. R. App. P. 24(a)(4)-(5). For the same reasons the Court denies a COA, the Court

**CERTIFIES** that any appeal in this matter would not be taken in good faith. Leave to appeal *in forma pauperis* is **DENIED**.[1]

**IT IS SO ORDERED**.

s/ S. Thomas Anderson
S. THOMAS ANDERSON
UNITED STATES DISTRICT JUDGE

Date: August 26, 2026

[1] If Petitioner files a notice of appeal, he must pay the full $605 appellate filing fee or file a motion to proceed *in forma pauperis* and supporting affidavit in the Sixth Circuit Court of Appeals within 30 days of the date of entry of this order. *See* Fed. R. App. P. 24(a)(5).